UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUVEN RASOOLY,<br><br>    Plaintiff,<br><br>v.<br><br>MELINDA R. SELF,<br><br>    Defendant. | Case No. 14-cv-04521-JSC<br><br>**ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 57 |

Plaintiff Reuven Rasooly ("Rasooly") contends that Defendant Melinda R. Self, a supervisor with the Contra Costa County, Department of Child Support Services ("DCSS") deprived him of his right to due process while enforcing a child support order to his ex-wife. The Court previously granted motions to dismiss by the State of California, Contra Costa County, the Department of Child Support Services ("DCSS"), and individual defendants G. Boyd Tarin and Melinda Self based on sovereign immunity and res judicata, respectively. Rasooly was granted leave to amend only as to his claims against defendant Self as she was not a party to the prior state court action. Defendant Self now moves to dismiss Rasooly's Second Amended Complaint. (Dkt. No. 57.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion to dismiss, Rasooly's claims against defendant Self are likewise barred by res judicata.

**BACKGROUND**

The Court set forth the complicated factual and procedural background of this case in its prior Order and will not repeat it here. (Dkt. No. 54)  In short, this lawsuit arises from a child support action commenced against Rasooly in the Contra Costa County Superior Court to enforce a 2001 Israeli Family Court child support order.  Rasooly contends that without providing him a calculation of the amount owed, Defendants improperly garnished over $176,000 from Rasooly which was sent it to Israel between May 2012 to January 2013.  (Second Amended Complaint ("SAC") ¶ 7.)  Rasooly alleges that this amount was an overpayment of more than $100,000.  (*Id.* ¶ 13.)   In February 2014, Rasooly commenced an action in the Contra Costa County Superior Court ("Superior Court") against Defendants Tarin, DCSS, Contra Costa County, and Linda Dippel (Tarin's supervisor) relating to his ongoing family law case and the Superior Court proceedings to enforce the Israeli court's child support order. (Dkt. Nos. 9-1 at 7-20; 9-7 at 4.) Rasooly asserted 14 different causes of action including negligence, vicarious liability under Government Code Section 815.2(a), misrepresenting and misleading the trial court, violations of Family Code Sections 4052 and 4055, perjury, fraud, conspiracy to commit fraud, abuse of process, suppression of evidence, conversion, constructive trust accounting, tortious interference with existing contracts, and intentional infliction of emotional distress. (Dkt. No. 9-1 at 3.)  The County filed a demurrer to Rasooly's complaint which the court sustained, ruling that the litigation privilege of Civil Code Section 47(b) and the prosecutorial immunity of Government Code Section 821.6 barred Rasooly's claims against the County.  (Dkt. No. 17-4 at 3.)

Rasooly did not appeal the state court dismissal.  Instead, Rasooly filed the underlying federal action in October 2014—less than one week after the state court's dismissal of his previous action—contending that the State of California, Contra Costa County, DCSS, and individual defendants G. Boyd Tarin and Melinda Self (Tarin's supervisor) violated his Fourteenth Amendment rights and his rights under 42 U.S.C. § 1983 through their conduct in the child support action. The Court granted the State's motion to dismiss because California has not waived its sovereign immunity from Section 1983 suits, and DCSS is a state agency.  (Dkt. Nos. 54.)  The Court also granted the County's motion to dismiss on res judicata grounds, dismissing the claims against the County and defendant Tarin with prejudice, but granted leave to amend as

to defendant Self to the extent that Rasooly could plead independent acts taken by Self sufficient to overcome issues of privity, and therefore res judicata. (*Id.*)

Rasooly thereafter filed his Second Amended Complaint alleging a single Section 1983 claim against defendant Self, which Self now moves to dismiss. (Dkt. Nos. 56 & 57.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). A claim may be dismissed under the doctrine of res judicata on a motion to dismiss under Rule 12(b)(6) when the Court is able to discern the relevant facts by way of judicial notice of the earlier court proceedings. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirming dismissal pursuant to Rule 12(b)(6) on grounds of res judicata because the district court did not consider any disputed facts).

## DISCUSSION

Defendant Self moves to dismiss on the grounds that Rasooly's claims against Self are barred by (1) res judicata; (2) prosecutorial immunity; (3) the *Rooker-Feldman* doctrine, and (4) alternatively, suggests that the Court should abstain from hearing the case pursuant to *Pullman* abstention principles. Because the Court concludes that Rasooly's claims are barred by res judicata it is unnecessary to reach the remainder of the issues.

3

**A. Res Judicata**

Under California law, claim preclusion (res judicata) prohibits a second lawsuit involving "(1) the same claim, (2) against the same party, (3) when that claim proceeded to a final judgment on the merits in a prior action."[1] *Adam Bros. Farming v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (internal citation omitted). Thus, claim preclusion bars a plaintiff from bringing a civil rights action under Section 1983 where a California state court previously rendered a valid judgment on the merits of the same claim in favor of a defendant. *See Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850–51 (9th Cir.1986) (*citing Slater v. Blackwood*, 15 Cal.3d 791, 795 (Cal.1975)).

The Court previously found that claim preclusion barred Rasooly's claims. First, both actions involve the same claim because "they rise from the same invasion of a primary right," which is defined "by the harm suffered" rather than the cause of action asserted. *See Adam Bros. Farming*, 604 F.3d at 1149. Rasooly's state and federal actions involve the same injury—the wrongful child support enforcement—and the same wrongs by Defendants—the allegedly improper suit, personal harassment, failure to comply with court orders, and so on. The Court concluded that it was immaterial that Rasooly brought his claims here under a different federal theory of recovery—because the injury to Rasooly and the wrongs by the Defendants were the same in both cases; that is, the claims rise out of the same primary right. Second, there was privity because the County and Tarin were both parties in the state court action. With respect to defendant Self, her predecessor, Ms. Dippel, was named in the state court action, and as Self was sued as Tarin's supervisor, which was the same capacity Plaintiff sued Dippel in the prior action, Self was in privity with Dippel. Third and finally, the state court's grant of a general demurrer based on the litigation privilege and prosecutorial immunity constituted a final judgment on the merits. Rasooly's action here was thus barred by claim preclusion.

Rasooly's Second Amended Complaint reiterates his prior allegations and includes the following additional allegations as to defendant Self: for purposes of her own financial gain she

---

[1] Because Rasooly's prior action took place in a California state court, California state law governs the application of claim preclusion to his present claims. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012).

directed Contra Costa to ignore and bury a letter from the State Department, directed the County to present erroneous facts to the Family Law Court, ignored the recommendations of her own employees, directed the County to collect funds after Rasooly's children reached the age of majority, scuttled pleadings and court orders, directed monies to be sent to Israel quicker than normal, and directed Tarin not to provide Rasooly with an accounting. (SAC at ¶¶ 27-34.) The prior complaint contained similar allegations regarding the letter from the State Department, the improper collection of funds past the age of majority, and the failure to provide an accounting with respect to Defendants generally. (FAC ¶¶ 10-11, 21, 24, 32-40, 46, 62.)

Because these allegations arise out of the "same underlying factual circumstances" "[t]he particularities of [Rasooly's] causes of action are irrelevant" as they seek redress for the same harm. *Adam Bros. Farming*, 604 F.3d at 1149. Further, although Rasooly has expanded on his allegations against Self, he has not alleged specific actions by Defendant Self which are sufficient to overcome issues of privity.

Privity generally "involves a person so identified in interest with another that he represents the same legal right." *Zaragosa v. Craven*, 33 Cal.2d 315, 318 (1949). "The agents of the same government are in privity with each other, since they represent not their own rights but the right of the government." *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1073 n.12 (1998) (internal citations and quotation marks omitted). Rasooly's allegations that Self directed various acts while a supervisor for DCSS are all predicated on her acts as a DCSS supervisor engaged in child support enforcement proceedings. Self is thus in privity with Dippel for those claims related to her supervision of Tarin.

To the extent that Rasooly seeks to assert broader claims against Self, Self is in privity with the County for these claims because the County is vicariously liable for Self's actions. *See* Cal. Govt' Code § 815 ("A public entity is liable for injury proximately caused by an act or omission of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Where a defendant in the earlier decided case is vicariously liable for the actions of a defendant in the later case, the parties share the same interest unless: (1) the claim

1  asserted in the second action is based upon grounds that could not have been asserted against the
2  defendant in the first action; or (2) the judgment in the first action was based on a defense that was
3  personal to the defendant in the first action.  *Burdette v. Carrier Corp.*, 158 Cal.App.4th 1668,
4  1683 (2008).  Here, Rasooly could have asserted his Section 1983 claims against the County in the
5  first action.  *See, e.g., Carrick v. Santa Cruz Cnty.*, No. 12-3852, 2012 WL 6000308, at *5 (N.D.
6  Cal. Nov. 30, 2012) (concluding that plaintiff could have asserted his section 1983 claims against
7  the County in his Superior Court action).  Likewise, the prior judgment in favor of the County was
8  based on the defenses of prosecutorial immunity and the litigation privilege, which were found
9  equally applicable to defendant Dippel—Self's predecessor.  Rasooly's contention that it is
10 speculation and conjecture to say that Self could have raised these defenses herself in the prior
11 action is unpersuasive.  In dismissing based on prosecutorial immunity, the state court noted that
12 "[a]ll of plaintiff's causes of action are connected with the initiation and prosecution of the family
13 law court case."  (Dkt. No. 17-4 at 3.)  The same is true of Rasooly's claims against Self.  Thus,
14 neither exception applies, and defendant Self also stands in privity with the County.

Accordingly, Rasooly's claims against Self are bared by claim preclusion.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED with prejudice under Federal Rule of Civil Procedure 12(b)(6).  The Court will not, again, grant Plaintiff leave to amend as Plaintiff's remaining claims are barred by res judicata.

This Order disposes of Docket No. 57.

The Clerk is ordered to close the file.

**IT IS SO ORDERED.**

Dated: May 27, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge